AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 3:23mj47
330 SIXTH STREET SW )
CHARLOTTESVILLE, VIRGINIA 22903 )
 )

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Western   District of   Virginia
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   September 14, 2023   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Joel C. Hoppe   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for  30  days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of  _____  .

Date and time issued:   9/1/23 at 9:30am                                   _____
                                                                                                  Judge's signature

City and state:   Charlottesville, Virginia                               Honorable Joel C. Hoppe, U.S. Magistrate Judge
                                                                                          *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>3:23 mj 47 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Premises to Be Searched

The property to be searched is the entire residential building located at 330 Sixth Street SW, Charlottesville, Virginia, the curtilage, any outbuildings, and any vehicles on the property (the TARGET ADDRESS).

The residential building located at 330 Sixth Street SW, Charlottesville, Virginia is described as a two-story, single family residential home, located in Charlottesville, Virginia. The residence has tan siding and dark gray roof. The front door is white, with a white storm door. The numbers "330" appear on a red column on the front porch.



## ATTACHMENT B

### Property to be Seized

1. All evidence relating to violations of distribution and possession with intent to distribute methamphetamine, cocaine, and fentanyl, in violation of 21 U.S.C. § 841 and conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, those violations involving Keeshawn Lavar JONES, aka "DIRK", Landon FIELDS, and Dushaun GREGORY, and their co-conspirators, and occurring after February 1, 2023, including:

   a. Books, records, receipts, notes, ledgers, and other papers relating to the transporting, ordering, purchasing, and distributing of controlled substances;

   b. Photographs, including still photographs, negatives, video tapes, films, undeveloped film and the contents therein, slides, in particular photographs of co-conspirators, assets, and/or controlled substances;

   c. Address and/or telephone books, rolodex indices and any papers reflecting names, addresses, telephone numbers, pager numbers, fax machines, and/or telex numbers of co-conspirators, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists;

   d. Indicia of occupancy, residency, rental, and/or ownership of the premises to be searched, including, but not limited to, utility and telephone bills, cancelled envelopes, rental, purchase, or lease agreements, and keys.

   e. Any conversations, whether through text messages or other applications, concerning the distribution and/or possession with the intent to distribute controlled substances, bulk cash deliveries, or the laundering of drug proceeds.

   f. Lists of customers and related identifying information.

   g. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions.

   h. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

      i. Any information relating to the schedule or travel of, or any of the known or suspected coconspirators;
      j. All bank records, checks, credit card bills, account information, and other financial records; and
      k. Records and information relating to the identity or location of the suspects.
      l. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds;
      m. Controlled substances;
      n. Scales, containers, mixers, cutting tools, packaging materials, beaters, burners, and any other drug paraphernalia used in manufacturing, diluting, packaging, and distributing controlled substances;
      o. Firearms and other items pertaining to the possession of firearms, including gun cases, ammunition, ammunition magazines, holsters, spare parts for firearms, firearms cleaning equipment, photographs of firearms or of persons in possession of firearms, and receipts for the purchase and/or repair of all these items;
      p. Electronic equipment, such as cellular telephones (and the data contained within), computers, telex machines, facsimile machines, currency counting machines, telephone answering machines (including listening to any messages recorded on such machines), and related manuals. Additionally, computer software, tapes, discs, CD, DVDs, audio tapes, and the contents therein, containing the information generated by the aforementioned electronic equipment;
      q. Cellular telephones, portable cellular telephones, electronic pagers, and any stored electronic communications or data contained therein.

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

      a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

3

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search of the TARGET ADDRESS described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is found at/in the TARGET ADDRESS and reasonably believed by law enforcement to be a user of a device found at the premises, to the fingerprint scanner of the device; (2) hold a device found at the premises in front of the face those same individuals and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.